Michael A. Taibi, Esq.  SBN 160041
TAIBI & ASSOCIATES, A.P.C.
750 "B" Street, Suite 2510
San Diego, CA 92101
Tel: (619) 354-1798   Fax: (619) 784-3168
Email:  taibiandassociates@gmail.com

Attorney for the Plaintiff JERRY JACKSON

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY JACKSOM | )    **'19 CV 1889 BAS BGS** |
| | ) |
| | ) COMPLAINT FOR INJUNCTIVE |
| Plaintiff, | ) RELIEF, DAMAGES, ATTORNEY |
| | ) FEES AND COSTS FOR |
| vs. | ) VIOLATIONS OF AMERCAN'S |
| | ) WITH DISABILITIES ACT; UNRUH |
| JOSEPH A BAHRIZ dba BROOKLYN | ) CIVIL RIGHTS ACT. |
| PIZZERIA, SIDNEY FAMILY | ) |
| LIMITED PARTNERSHIP, and DOES | ) |
| 1-10, INCLUSIVE. | ) |
| | ) |
| | ) |
| Defendants. | |

Plaintiff, JERRY JACKSON, files his causes of action within this Civil

Complaint against Defendant(s), JOSEPH A BAHRIZ dba BROOKLYN

PIZZERIA ("BROOKLYN PIZZERIA") , SIDNEY FAMILY LIMITED

PARTNERSHIP, and DOES 1-10, INCLUSIVE., (Herein known as

"Defendants"), and would show unto the Court the following:

## I. JURISDICTION AND VENUE

1.      This Court has original jurisdiction regarding this matter pursuant to 2U.S.C. Section 1331 and 1343(a)(3) and (a)(4) for claims arising under the America with Disabilities act of 1990, 42 USC Section 12101, et seq.  The court also has jurisdiction over subsequent jurisdiction state court matters that are incorporated into the federal jurisdiction..

3.      Venue is proper in this court pursuant to 18 U.S.C. Section 1391(b) and is founded on the fact that the real property and business location, which is the subject of this action and located in the District where the Plaintiff's cause(s) of action arose.

4.      All causes of action based are based on Federal law.  Plaintiff was denied equal access to Defendants facility, goods, and services in violation of both Federal was barred/injured due to violations of the afore-referenced access laws.

## II. PARTIES

5.      Plaintiff alleges that Defendants are, and at all times mentioned, was a business, corporation or franchise organized and existing and/or doing business as JOSEPH A BAHRIZ dba BROOKLYN PIZZERIA, SIDNEY FAMILY LIMITED PARTNERSHIP, and DOES 1-10, INCLUSIVE., located at 6171 Mission Gorge Rd, San Diego, California 92120, (herein sometimes known as "property").

Plaintiff alleges that Defendant is, and at all times was, the owner/operator, lessee or lessor of the facility located at the property.

6.     Plaintiff alleges that DOES 1 through 10 were at all times relevant lessors, lessees, property owners, subsidiaries, parent companies, employers, employees, agents, corporate officers, managers, principals and/or representatives of Plaintiff.  Plaintiff is unaware of the true names and capacities of Defendants sued herein, as DOES 1 through 10, inclusive, and therefore, sues those Defendants by fictitious names.  Plaintiff requests that the Court grant leave to amend this complaint to allege the true names and capacities when determined by whatever source.  Defendant and DOES 1 through 10 are hereinafter collectively referred to as "Defendants".

7.     Plaintiff alleges that Defendants at all times have been and are relevant to this cause of action, the owners, franchisees, lessees, general partners, limited partners, agents, employees, employers, representing partners, subsidiaries, partner companies, joint ventures and/or divisions of the remaining Defendants and were acting within the course and scope of that relationship.  Plaintiff is further informed and believes, and therefore alleges that each of the Defendants gave consent to, ratified, and/or authorized the acts alleged of each of the remaining defendants.

8.      Plaintiff is a qualified individual with a disability as provided by the

Americans with Disabilities Act of 1990, 42 USC Section 12102, the Disabled and

other rules, codes, and/or statutory measures that refer to the protection of the

rights of "physically disabled persons".  Plaintiff visited the public

accommodations owned and operated by Defendants with the intent to purchase

and/or use the goods, services, facilities, privileges, advantages, or

accommodations operated and/or owned by Defendants.

### III.  FACTS

9.      Plaintiff is mobility impaired and uses a wheelchair.  He is classified

as having a physical impairment, as required by 42 USC Section 12102(2)(A) and

requires a wheelchair for mobility and to gain access to public establishments.

11.      On or about May 4, 2018, Plaintiff was denied full and equal access to

Brooklyn Pizzeria, owned and/or operated by the Defendants because the property

was inaccessible to individuals belonging to the disabled community who use

wheelchairs for mobility. Full accessibility was denied due to a lack of access to

the premises. Brooklyn Pizzeria is a restaurant facility, a business open to the

public, a place of public accommodation, and a business establish open to the

public.

Plaintiff attempted to sit in the outdoor/patio seating area but was unable to

do so.  The there was no designated ADA compliant table available for him to be

seated.  Other non-ADA compliant tables were available to him but he could not access them comfortably or maneuver his wheelchair under them.  The table cannot have a pedestal or four legs as Plaintiff's wheelchair will not fit under the table allowing him to be seated easily.  The ADA requirement are as follows: (1) Minimum requirements 5% ADA 4.1.3(18); (2) Clear Space ADA 4.2.4.1; (3) Knee Space ADAAG 4.32.3; (4) Table Height ADAAG 4.32.4; (5)Seating Access Aisles  ADA 4.1.3(18); (6) Equivalent Services Décor ADAAG 5.4: (6)Accessible Seating Integrated w/General Seating ADA 4.1.3(18).

Plaintiff asked an employee of Brooklyn Pizzeria if there was alternative outdoor/patio seating available for a disabled person who is confined to a wheelchair, but he was told that was no other outdoor patio seating available that would accommodate him.

Plaintiff found no designated or alternative outdoor/patio seating seating available for disabled person(s) confined to a wheelchair at the time of his visit to Brooklyn Pizzeria.  Plaintiff was unable to gain full use of the outdoor/patio seating area and was barred from full access to the facilities.  He was unable to enjoy the facilities to which a disabled person is entitled.

On or about May 4, 2018, Plaintiff mailed a letter to Brooklyn Pizzeria advising the establishment owner/operator that he was unable to gain access to the facility due to the lack of accessibility for disabled persons.  (See Exhibit "A"

<u>Attached)</u>.  Plaintiff returned for a subsequent visit after his initial visit but found that the outdoor/patio seating was still not ADA compliant as there was no outdoor/patio seating available for him to be seated.

Plaintiff desires to return and patronize Brooklyn Pizzeria but is barred from fully accessing the premises until Defendant(s) cure the violations.  Plaintiff occasionally patronizes business in the immediate area, and he would like to return and patronize Brooklyn Pizzeria in the future.

Defendants are required to modify any discriminatory policies, practices and procedures to avoid discriminating against people with disabilities, including Plaintiff.

12.    Defendants' discrimination caused Plaintiff to experience discomfort and embarrassment.

13.    The conduct of Defendants has and will cause Plaintiff to be barred from access to the facilities through Defendants' failure to provide full and equal access to Plaintiff and denying him enjoyment of the facilities.  Therefore, Defendants are in violation of the ADA Law and Accessibility Guidelines("ADAAG") and/or, other applicable codes, statutes and/or other regulations.

14.    Plaintiff alleges that Defendants have continued to operate a business open to the public which is inaccessible to him and other individuals with

disabilities.  Pursuant to 42 USC Section 12188(a), Defendants are required to remove barriers to their existing facility.  Plaintiff further alleges that removal of the barriers described in this complaint is readily achievable and can be removed with minimal difficulty or expense.  Or, equivalent facilities may be provided without much difficulty or expense.  Defendants are also required to modify any discriminatory policies, practices and procedures to avoid discriminating against people with disabilities, including Plaintiff.

15.    Plaintiff alleges that the discriminatory policies, practices and procedures, precluding him and other disabled persons from full access of the public accommodations will continue to exist for any future visits, which will result in future discrimination of Plaintiff and other disabled persons in violation of the Americans with Disabilities Act.

### IV.  FIRST CLAIM FOR VIOLATION
### OF AMERICANS WITH DISABILITIES ACT
### 42 USC SECTION 12101, et seq.

16.    Plaintiff alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 15, inclusive as set forth herein.

17.    Plaintiff was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased and/or operated by Defendants, in violation of 42 USC Section 12182(a).  Therefore, Plaintiff was subjected to discrimination and is

entitled to injunctive relief pursuant to 42 USC Section 12188 as a result of the actions or inaction of Defendants.

18.     Plaintiff seeks an injunctive order requiring compliance with federal access laws for all access violations that exist at the property, requiring removal of architectural barriers and modification of policies, practices, and procedures, and other relief as the Court may deem proper.

19.     Plaintiff also seeks any other order that will redress the discrimination to which he has been subjected, is being subjected and/or will be subjected.

20.     Plaintiff alleges that based on the facts placed in this complaint, Defendants did, and continues to, discriminate against Plaintiff and persons similarly situated by denying disabled persons full and equal access to the facility to purchase goods, services, facilities, privileges, advantages or accommodations within a public accommodation.

21.     Plaintiff alleges that Defendants' actions constitute a violation of his rights occurred and that he suffered difficulty, discomfort and embarrassment because of his denial to full and equal access as stated above.  Plaintiff is also entitled to and is requesting attorney's fees and costs.

22.     At all times relevant herein, there was in effect the Americans with Disabilities Act, of which require that public accommodations and facilities

provide services to people with disabilities that are equal and not inferior to the services provided to patrons who are not physically disabled.

23.    Defendants owe Plaintiff a mandatory duty to provide him full and equal access to accommodations, advantages, facilities, privileges and services of all business establishments.  Plaintiff is a member of the class of individuals who are protected under these statutes.

24.    As a proximate result of the actions or inactions of Defendants, Plaintiff encountered embarrassment and discomfort as a result of the barriers that ADA Law is designed to prevent.

25.    Defendants have a duty to exercise ordinary and reasonable care as set forth above.

26.    Defendants have failed to exercise ordinary and reasonable care as set forth above.

27.    As a result of Defendants' failure to exercise ordinary and reasonable care Plaintiff was unable to gain access and enjoy the facilities.

28.    As controversy exists, Plaintiff alleges that Defendants' property is in violation of Title III of the Americans with Disabilities Act and Accessibility Regulations.

## V. FIRST CLAIM FOR INJUNCTIVE RELIEF

29.    Plaintiff alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 28, inclusive as set forth herein

30.    Plaintiff will suffer irreparable harm unless Defendants are ordered to remove architectural barriers at Defendants' public accommodation, and/or to modify their policies, practices, and procedures regarding accommodating people with disabilities.

31.    Plaintiff seeks injunctive relief to redress his injuries.

## V. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT AND THEREFORE, CLAIM DAMAGES, ATTORNEY FEES, AND COSTS (On behalf of Plaintiff and against all Defendants) PURSUANT TO CAL. CIV. SECTIONS 51-53.

32.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

33    Therefore, since the Defendants violated the Plaintiff's civil rights under the ADA, they also violated his civil rights under the Unruh Civil Rights Act and are liable for damages pursuant to Civil Code Sections 51(f), 52(a).

34.    Violations of Plaintiff's civil rights under the Unruh Civil Rights Act resulted in difficulty, discomfort, and embarrassment for him, and therefore, the Defendants are also each responsible for statutory damages, i.e., a civil penalty pursuant to Civil Code of Procedure Section 55.56(a)-(c).

## JURY TRIAL DEMAND

Plaintiff hereby requests a Jury Trial in this matter.

## CONCLUSION

WHEREFORE, Plaintiff prays for a judgment against the Defendants,

JOSEPH A BAHRIZ dba BROOKLYN PIZZERIA, SIDNEY FAMILY LIMITED

PARTNERSHIP, and DOES 1-10, INCLUSIVE

1.     An order enjoining Defendants from violating disabled access laws of

the United States pursuant to ADA Law Title III.

2.     An order that the Court declare the respective rights and duties of

Plaintiff and Defendant(s) as to the removal of architectural barriers at defendants'

public accommodation and/or as to the modification of discriminatory policies,

practices, and procedures.

3.     An order awarding plaintiff Injunctive relief, compelling Defendant(s)

to comply with the Americans with Disabilities Act.

4.     An order awarding Plaintiff reasonable attorney fees and costs.

5.     An order awarding damages under state court Unruh Civil Rights Act.

5.     An order awarding such other relief as the Court deems proper.

Dated:  09/26/2019

_____

MICHAEL A. TAIBI, Esq.
Attorney for Plaintiff
JERRY JACKSON

EXHIBIT "A"

May 4, 2018

THE BROOKLYN PIZZERIA
6171 MISSION GORGE ROAD
SAN DIEGO, CA 92120

RE: Notice of Intent To File Lawsuit

Dear Business Owner:

I have visited your business and it is in violation of the Americans with Disabilities Act.

I am in a wheelchair.

There is no outside seating for persons in wheelchairs. I was denied access to sit at all of your tables because there was no clear space, under the table, to allow room for my knees and feet, without hitting the pole stand, under the table.

There should be at least 19" deep and 30" wide of clear space from the end edge of the table to any pole stand under the table.

The Ada sections that apply are Sections:

Minimum Requirement 5% - CA Title 24 1122B.1, ADA 4.1.3(18),
Clear Space 30" x 48" Min - CA Title 24 1118B.4.1, ADA 4.2.4.1,
Knee Space 27"H, 30"W, 19"D – ADAAG 4.32.3 & CA Title 24 1122B.3,
Table Height 28"-34" - ADAAG 4.32.4 & CA Title 24 1122B.4,
Seating Access Aisles Min Width 36" - CA Title 24 1122B.1,  ADA 4.1.3(18),
Equivalent Services & Décor @ Accessible Seating - ADAAG 5.4 & CA Title 24 1104B.5.4,
Accessible Seating Integrated  w/General Seating - CA Title 24 1122B.1, ADA 4.1.3(18)

I asked for a table that was accessible and I was told there were no other tables with the above specifications at this facility and this is the seating arrangement they have always had in the past. Please add a seat for persons in wheelchairs to sit at your table.

If I do not hear from you within 30 days of today's date, in writing, I may file a lawsuit against your facility.

Sincerely,

**JERRY JACKSON**
151 NATAL WAY
VISTA, CA, 92083