# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY JACKSON,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>JOSEPH A BAHRIZ, *et al.*,<br><br>　　　　　　Defendants. | Case No. 19-cv-1889-BAS-BGS<br><br>**(1) ORDER DISMISSING CASE AGAINST DEFENDANT JOSEPH A. BAHRIZ DBA BROOKLYN PIZZERIA; AND**<br><br>**(2) ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED AGAINST DEFENDANT SIDNEY FAMILY LIMITED PARTNERSHIP** |

　　　　In September 2019, Plaintiff Jerry Jackson filed a complaint against Defendants Joseph A. Bahriz dba Brooklyn Pizzeria, and Sidney Family Limited Partnership. On November 14, 2019, Plaintiff received a clerk's entry of default against Defendant Joseph A. Bahriz dba Brooklyn Pizzeria. On December 30, 2019, because Plaintiff had failed to move for default judgment, the Court ordered Plaintiff to show cause why his case against Defendant should not be dismissed. (ECF No. 9); *see* Civ. L. R. 55.1 (if a plaintiff fails to move for default judgment within 30 days of the entry of a default, the clerk will prepare an order to show cause why the complaint against the defaulted party should not be dismissed). The Court informed

Plaintiff that he may adequately show cause by moving for default or by establishing good cause for an extension of time to do so on or before January 30, 2020. Plaintiff did not file anything by the deadline.

"District courts have the inherent power to control their dockets and, '[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal of a case.'" *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (quoting *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986)); *accord Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962) (holding courts are vested with an inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"). This inherent power exists independently of a district court's authority to dismiss an action under Federal Rule of Civil Procedure 41(b). *Link*, 370 U.S. at 630–32. "Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik*, 963 F.2d at 1260.

The circumstances in which a court may exercise its inherent power to dismiss an action include where a plaintiff has failed to prosecute the case, failed to comply with a court order, or engaged in judge shopping. *Link*, 370 U.S. at 630; *Yourish v. Cal. Amplifier*, 191 F.3d 983, 989–90 (9th Cir. 1999); *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). In determining whether to exercise this power, "the district court must weigh five factors including (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260–61 (quoting *Henderson*, 779 F.2d at 1424, and *Thompson*, 782 F.2d 829 at 831) (internal quotation marks omitted). Although it is preferred, the district court is not required to "make explicit findings in order to show that it has considered these factors." *Ferdik*, 963 F.3d at 1261.

Here, Plaintiff has failed to prosecute this case following default against

Defendant Bahriz. He has also not complied with the Court's order—notwithstanding its admonition that noncompliance would result in dismissal. Further, having weighed the appropriate factors, the Court concludes dismissing this case against Defendant Bahriz is warranted. *See Ferdik*, 963 F.2d at 1260–61. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims against Defendant Joseph A. Bahriz dba Brooklyn Pizzeria. The Clerk is instructed to terminate this Defendant from the docket.

Further, Plaintiff has not served Defendant Sidney Family Limited Partnership, despite the fact that he filed his complaint over 4 months ago. *See* Fed. R. Civ. P 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). Therefore, the Court **ORDERS** Plaintiff to show cause why his claims against Sidney Family Limited Partnership should not be dismissed. Plaintiff may adequately show cause by properly serving Sidney Family Limited Partnership, or by establishing good cause for an extension of time to do so <u>on or before February 24, 2020</u>. Failure to adequately show cause may result in the dismissal of Plaintiff's case against Sidney Family Limited Partnership.

**IT IS SO ORDERED.**

**DATED: February 4, 2020**

Hon. Cynthia Bashant
United States District Judge